

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 31, 1972

Honorable James U. Cross
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building
Austin, Texas 78701

Dear Mr. Cross:

Opinion No. M-1131

Re: May the Texas Parks and
Wildlife Department contract
for the sale of water to a
private individual whose
property adjoins a state park?

You have requested an opinion of this office regarding the above captioned matter. The circumstances are set forth in your request as follows:

> "On November 3, 1971 Mr. William Ellis of Grand Prairie submitted a formal request to our Department for permission to tap the water line in Eisenhower State Park in order to obtain water service for his residence now under construction on adjacent property.
>
> ". . .
>
> "You are advised the Eisenhower State Park water system, including the water line from the City of Denison Water Plant to the park, was constructed by the state and, therefore, is State property. The Department purchases water from the City of Denison at standard rates. . . ." (Emphasis added)

As pointed our in your request, the water line was constructed by the State and is State property.

Neither the statute creating the Parks and Wildlife Department and defining its powers (Article 978f-3a, P.C.) nor the statute creating

the Eisenhower State Park (Article 6077k, V. C. S. ) contain any provision which would allow the Parks and Wildlife Department to contract with any private individual for the sale of water.

Powers and duties of public officers such as the Parks and Wildlife Department are restricted to those authorized and necessarily implied. 47 Tex. Jur. 2d 138-9, Public Officers, Sec. 105. The Salvage and Surplus Act of 1957 (Art. 666, V. C. S.) is the general statute governing sale of personal property to individuals by the State, but this Act does not authorize sale of water by your agency under these circumstances.

Article 6077k, which creates the Eisenhower State Park, authorizes the administrative state agency to operate the park under its regulations and you advise us that no regulations relating to the sale of water under these circumstances are in effect. However, before any such regulation may be validly promulgated for such sale, the Legislature would have to enact statutory authority authorizing such sales.

<h2 style="text-align:center">SUMMARY</h2>

The Texas Parks and Wildlife Department does not have statutory authority to contract for the sale of water to a private individual whose property adjoins a state park.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James Hackney
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harriet Burke
Jack Goodman
Bill Campbell
Roland Allen

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant